## Czudick v. Sacks, Appellant.

*Contracts—Services rendered—Quantum meruit.*

In an action of assumpsit for services rendered where the defendant denies the claim and the testimony on the disputed matters is conflicting, a verdict and judgment for the plaintiff will be sustained if it appears that the case was properly submitted to the jury.

Argued Nov. 14, 1918. Appeal, No. 276, Oct. Term, 1918, by defendant, from judgment of municipal court of Philadelphia, February Term, 1918, No. 263, on verdict for plaintiff in case of Mayer Czudick v. Morris Sacks. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for services rendered under building contract. Before KNOWLES, J.

From the record it appeared that the plaintiff undertook and agreed to make certain repairs and alterations to premises owned by defendant at a contract price of $170, payable on the completion of the work. The plaintiff alleged that he substantially completed the work, except to the value of $15, and the defendant contended that the plaintiff performed work only to the value of $30, and that the contract had been rescinded by mutual agreement. The court charged in part as follows:

"Either the plaintiff is owed $155 by the defendant or he is not. And in answering that question you will be guided by your own recollection of the evidence. If the plaintiff is owed that money by the defendant, then your verdict will be for the plaintiff in the amount of $155, together with interest. If he is not owed that money then your verdict will be for the defendant."

Verdict and judgment for plaintiff for $158.10. Defendant appealed.

224, (1919).]    Arguments—Opinion of the Court.

*Errors assigned* were, among others, above instructions, quoting them.

*Charles L. Smyth,* for appellant.

*Abraham Wernick,* and with him *Isaac G. Gordon Foster,* and *Rowland C. Evans,* for appellee.

PER CURIAM, February 28, 1919:

The plaintiff opens his argument with the statement, "In this case the issue is the credibility of the plaintiff or of the defendant. Either the one or the other committed perjury." This dispute was fairly submitted to a jury in the trial court after the controversy was fairly presented by able counsel. After hearing an argument for a new trial the court dismissed the motion and directed the judgment to be entered upon the verdict. No reversible error is shown to warrant a retrial of this case.

The judgment is affirmed.